**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

Court File No. 10cv869 DWF/LIB

Pamela Jeri Sanders, Ronald David McGuire,
Randy Richard McGuire, Penny Jo Peronnet,
Peggy Jule Odegard, Joan May McGuire,

Plaintiffs,

Request for Jury Trial

vs.

COMPLAINT

Hennepin County Medical Examiner,
Hennepin County Medical Center,
Larson OE-Osborne Mortuary,

Defendants.

---

Plaintiffs, for their claim for relief and cause of action against defendants, state and allege:

## I. INTRODUCTION

1. Plaintiffs are the immediate family members of Ricky Alan McGuire, who was murdered on November 17, 1977 in Bemidji, Minnesota. When Ricky McGuire's body was recovered, it was transferred to Defendant Hennepin County Medical Examiner's Department for examination. Dr. Kenneth Osterberg, Associate Pathologist for Defendant Hennepin County Medical Examiner and/or Hennepin County Medical Center, examined Ricky McGuire's body and thereafter removed Ricky McGuire's skull from his body and arranged for

SCANNED
MAR 2 2 2010
U.S. DISTRICT COURT MPLS

it to be brought to his home. These actions were taken without the knowledge or consent of Plaintiffs, Ricky McGuire's family members. Plaintiffs did not know that Ricky McGuire was buried without his skull until April 1, 2008.

## II. JURISDICTION

2. That, this Court has jurisdiction in this action pursuant to the following:

a. 28 U.S.C. § 1331, in that the claims set forth in the Complaint arise under the Constitution and laws of the United States;

b. 28 U.S.C. § 1343 (a)(3), in that the claims set forth in the Complaint seek to redress the deprivation, under color of State law, of rights, privileges, and immunities secured by the Constitution and laws of the United States: and

c. The Doctrine of Pendant Jurisdiction, in that (1) the claims set forth in the Complaint are substantial Federal claims, (2) the State claim set forth in the Complaint and the Federal claim set forth in the Complaint derive from a common nucleus of operative facts, and therefore, (3) the entire action before the Court comprises one case.

## III. VENUE

3. That, venue lies in this Federal District Court in the District of Minnesota in that all Defendants reside in this District and the claims arose in this District, pursuant to 28 U.S.C. § 1391(b).

## IV. PARTIES

4. Plaintiffs are the heirs and next of kin of Ricky Alan McGuire.

5. One named defendant is Hennepin County Medical Examiner doing business at 530 Chicago Avenue in the City of Minneapolis, State of Minnesota.

6. The second named defendant is Hennepin County Medical Center doing business at 701 Park Avenue North, Minneapolis, MN 55415.

7. The third named defendant is Larson OE-Osborne Mortuary licensed to do and doing business at 2301 Central Avenue N.E. in the City of Minneapolis, State of Minnesota. Defendant Larson OE-Osborne Mortuary is engaged in the business of providing mortuary, funeral, burial, and related services.

## V. Factual Allegations

8. On November 17, 1977, Ricky McGuire was shot in the head and shoulder by a classmate, George Dahl. Ricky McGuire was left to die in a rural field west of Bemidji, Minnesota. His body was not found until five months later on April 8, 1978. Ricky McGuire's body was then transferred to the Hennepin County Medical Examiner for an autopsy.

9. Dr. Kenneth Osterberg, an Associate Pathologist at Hennepin County Medical Examiner's office and/or agent or employee of Hennepin County Medical Center, conducted the autopsy of McGuire.

10. Upon information and belief, Dr. Osterberg removed McGuire's skull from his body during the course of the autopsy and arranged for the skull to be delivered to Osterberg's home without first obtaining permission from the McGuire family.

11. When the autopsy was complete, McGuire's body was transferred to Defendant Larson OE-Osborne Mortuary, formerly known as OE

Larson Funeral Home, for preparation before being sent to the location of his funeral in Bemidji, Minnesota.

12. Ricky McGuire's funeral was closed casket.

13. Dr. Osterberg's daughter found Ricky McGuire's skull with two other skulls at her parents' home near Mentor, Minnesota.

14. In April of 2008, Ricky McGuire's family was notified that Ricky McGuire's skull had been found. Until that time, the family had no way of knowing, did not know, nor should they have known that Ricky McGuire was buried without his skull.

## VI. CLAIMS UNDER FEDERAL LAW

### COUNT 1: VIOLATION OF CONSTITUTIONAL RIGHTS

15. That, Plaintiffs restate and re-allege Paragraphs 1 through 14 above and incorporates the same herein by reference.

16. That, Defendants Hennepin County Medical Examiner and/or Defendant Hennepin County Medical Center, through their agents and employees acting under color of state law, willfully and wrongfully interfered with Plaintiffs' right of possession and preservation of Ricky McGuire's body for burial in violation of the due process clause of the Fourteenth Amendment to the United States Constitution contrary to 42 U.S.C. § 1983.

17. That, Defendant Dr. Kenneth Osterberg, in his official capacity as a Hennepin County Medical Examiner and/or agent or employee of Defendant Hennepin County Medical Center, was acting under color of

state law while performing official duties as ascribed in Minnesota law regarding public health and mortuary science when he removed the skull of Ricky McGuire.

18. That, in the alternative, any individual actions of Defendant Kenneth Osterberg in removing McGuire's skull were fairly attributable to Defendant Hennepin County Medical Examiner's Office and/or Defendant Hennepin County Medical Center because Osterberg gained access to McGuire's body as a Hennepin County official under Minnesota's public health and mortuary science laws.

19. That, Defendant Hennepin County Medical Examiner's Office's and/or Defendant Hennepin County Medical Center's practice, policy, or custom of allowing medical examiners to dissect and to move body parts off-site without first obtaining permission of the next of kin constitutes a deprivation of procedural due process rights in violation of the United States Constitution.

20. That, as a result of the mutilation of Ricky McGuire's corpse prior to his burial, Plaintiffs suffered mental anguish and distress.

21. That, Defendants' conduct in violating such rights was so egregious and outrageous that it shocks the conscience.

22. That Defendant Dr. Kenneth Osterberg's actions, in his official capacity as a Hennepin County Medical Examiner and/or agent or employee of Defendant Hennepin County Medical Center, of removing Ricky McGuire's skull without first obtaining plaintiffs' permission to do

so violated statutory and constitutional rights of which a reasonable person would have known.

23. That, as a result of Defendants' conduct through its agents and employees in violation of 42 U.S.C. §1983, Plaintiffs sustained the injuries and damages compensable under that statute.

## VII. CLAIMS UNDER LAWS OF THE STATE OF MINNESOTA

## COUNT 2: FRAUDULENT CONCEALMENT

24. That, Plaintiffs restate and re-allege Paragraphs 1 through 23 above and incorporates the same herein by reference.

25. That, Defendants through their agents and employees fraudulently concealed the fact that Ricky McGuire's skull was removed from his body.

26. That, Plaintiffs acted in reliance on Defendant Hennepin County Medical Examiner's omission as to the condition of McGuire's body and as a result of Defendants' conduct, Plaintiffs sustained the injuries and damages set forth in Paragraph 30 of the Complaint.

27. That, Defendant OE Larson-Osborne Mortuary through its agents and employees fraudulently concealed the fact that Ricky McGuire's skull was removed from his body.

28. That, due to Defendants' fraudulent concealment of the facts, Plaintiffs did not know nor did they have good reason to suspect that Ricky McGuire was buried without his skull.

29. That, Plaintiffs acted in reliance on Defendant OE Larson-Osborne Mortuary's silence as to the condition of McGuire's body, and as a result of the conduct by Defendants, Plaintiffs sustained the injuries and damages set forth in Paragraph 30 of the Complaint.

30. That, as a result of Defendants' fraudulent concealment, Plaintiffs have suffered severe emotional distress, shock, mental pain and anguish, suffering and grief.

**COUNT 3: TORTIOUS INTERFERENCE WITH A DEAD BODY**

31. That, Plaintiffs restate and re-allege Paragraphs 1 through 30 above and incorporates the same herein by reference.

32. That, Defendants owed a duty of care to Plaintiffs to properly handle Ricky McGuire's body in accordance with Minnesota law.

33. That, Defendants breached that duty and were therefore negligent, or in the alternative acted in a reckless, willful, and wanton manner in removing the skull of Ricky McGuire without Plaintiffs' consent and by representing to Plaintiffs that Ricky McGuire's body was intact at the time of his burial.

34. That, Defendants deprived Plaintiffs of their right to have Ricky McGuire's body buried intact, as it was at death, and to bury Ricky McGuire's body in that condition.

35. That Defendants' conduct in dissecting and removing Ricky McGuire's skull and of falsely representing that Ricky McGuire's skull was intact at the time of the burial goes beyond all possible bounds of

decency and shows a conscious indifference to the rights, feelings, and emotions of Ricky McGuire's family.

36. That, as a result of Defendants' tortious interference with Ricky McGuire's body, Plaintiffs have suffered severe emotional distress, shock, mental pain and anguish, suffering and grief.

**COUNT 4: NEGLIGENCE**

37. That, Plaintiffs restate and re-allege Paragraphs 1 through 35 above and incorporates the same herein by reference.

38. That, at all material times, the Defendants owed a duty to Plaintiffs to act with the degree of care that a reasonably prudent coroner or mortician would exercise under like circumstances.

39. That, Defendants breached their duty of care to Plaintiffs.

40. That, Defendants negligence has included, but is not limited to, the following acts or omissions, which have caused harm to Plaintiffs: failure to obtain permission from next of kin prior to dissecting Ricky McGuire's skull from his body; failure to obtain permission from next of kin prior to removing Ricky McGuire's skull for an unknown purpose to an off-site location; failure to obtain permission from next-of-kin before withholding Ricky McGuire's skull from the burial of his body; and failure to treat Ricky McGuire's remains with dignity and respect.

41. That, as a direct and proximate result of the Defendants' negligence, Plaintiffs have sustained severe emotional distress, shock, mental anguish, mental pain and suffering, and grief.

**COUNT 5: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

42. That, Plaintiffs restate and re-allege Paragraphs 1 through 41 above and incorporates the same herein by reference.

43. That, Defendants allowed their agents and employees to engage in extreme and outrageous conduct which inflicted emotional distress upon Plaintiffs.

44. That, as a result of Defendants' actions Plaintiffs suffered severe emotional distress.

**COUNT 6: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

45. That, Plaintiffs restate and re-allege Paragraphs 1 through 44 above and incorporates the same herein by reference.

46. That, Defendants Hennepin County Medical Examiner and/or Defendant Hennepin County Medical Center allowed its agents and employees to engage in extreme and outrageous conduct which inflicted emotional distress upon Plaintiffs.

47. That, Defendant OE Larson-Osborne Mortuary, through its agents and employees intentionally engaged in extreme and outrageous conduct which inflicted emotional distress upon Plaintiffs so severe as to be extreme and disabling.

48. That, Defendant OE Larson-Osborne Mortuary allowed its agents and employees to engage in extreme and outrageous conduct which inflicted emotional distress upon Plaintiffs.

**COUNT 7: VIOLATION OF STATE STATUTES FOR MORTUARY SCIENCE**

49. Plaintiffs restate and re-allege Paragraphs 1 through 48 above and incorporates the same herein by reference.

50. The Defendants committed the above-described acts in violation of Minnesota Statutes, Chapter 149A, Mortuary Science, Disposition of Dead Bodies and particularly Section 149A.80, Death, Right to Control and Duty of Disposition and Minnesota Statutes, Chapter 145.161, Dissection; When Permitted.

51. As a direct and proximate result of such statutory violations, Plaintiffs suffered severe emotional distress, shock, mental anguish, mental pain and suffering, and grief.

## VII. DEMAND FOR JURY TRIAL

Plaintiffs hereby request a jury trial of all issues herein.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant relief against the Defendants, and each of them, as follows:

1. Awarding judgment in favor of Plaintiffs in an amount greater that Seventy-five Thousand and No/One Hundredths ($75,000.00) Dollars, as and for compensatory damages;

2. Awarding Plaintiffs reasonable attorneys fees pursuant to 42 U.S.C. §1988;

3. Awarding such further relief that the Court deems just and equitable.

Respectfully submitted,

Date: March 22nd, 2010

Jeffrey S. Sieben #0314110
Attorney for Plaintiff
**Sieben, Grose, Von Holtum & Carey, LTD**
900 Midwest Plaza East
800 Marquette Ave
Minneapolis, Minnesota 55402
(612) 333-4500

PI1#499035v1